FILED

13 OCT -7 AM 10: 37

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DS   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROGELIO TOVAR,           | CASE NO. 10-CV-2064 BEN |
|                          | 09-CR-3277 BEN          |
| Petitioner,              |                         |
| vs.                      | **ORDER DENYING § 2255 MOTION** |
| UNITED STATES OF AMERICA,| [Docket No. 28]         |
| Respondent.              |                         |

Petitioner Rogelio Tovar moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence. For the reasons stated below, the Court **DENIES** the motion.

### BACKGROUND

On September 2, 2009, the United States filed an Indictment, charging Petitioner with attempted entry after deportation in violation of 8 U.S.C. § 1326(a) and (b).

The parties filed a Plea Agreement with the Court on February 9, 2010. Petitioner agreed to waive appeal and collateral attack of his conviction and sentence. In addition, Section X.I of the Plea Agreement provided for "Stipulated Removal": "Either before or immediately following sentencing, defendant agrees to an order of removal from the United States . . . . Defendant further waives any right to appeal, reopen or challenge the removal order." (Opp., Exh. 2, at 8.) In the Plea Agreement, Petitioner represented that he read the Agreement (or had it read to him in his native language), discussed the Agreement with his defense counsel, understood its meaning and effect, and was satisfied with defense counsel's representation.

On February 9, 2010, Petitioner pled guilty to attempted entry after deportation subject to the Plea Agreement. During the plea colloquy, the Honorable Louisa Porter confirmed that Petitioner understood that by pleading guilty, he was giving up several rights, including his right to a trial. In addition, Judge Porter informed Petitioner of the penalties he faced and the terms of the Plea Agreement, including his agreement to be removed from the United States to Mexico and that he "waived any right to appeal or reopen or challenge that removal order." (*Id.*, Exh. 3, at 2.)

Judge Porter accepted Petitioner's plea of guilty. Judge Porter's Findings and Recommendation determined that Petitioner's plea of guilty was made "knowingly and voluntarily." (*Id.*, Exh. 3, at 1-3.) On February 25, 2010, the undersigned accepted Petitioner's guilty plea. On May 7, 2010, the parties made a joint request that the Court sentence Petitioner to 24 months custody at the sentencing hearing.

Petitioner filed the present motion to vacate and correct his sentence under § 2255, claiming ineffective assistance of counsel. Petitioner claims that defense counsel John C. Ellis failed to properly investigate the circumstances of his underlying conviction. According to Petitioner, if Attorney Ellis had properly investigated the circumstances of his underlying conviction, Petitioner could have challenged the prior conviction, preventing his conviction in the present action.

## DISCUSSION

Courts enforce plea agreements containing knowing and voluntary waivers of statutory rights of appeal or collateral attack because such "waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)) (courts enforce a waiver of appeal, as long as the waiver is "knowingly and voluntarily made" and "encompasses the defendant's right to appeal on the grounds claimed on appeal"). The Ninth Circuit recognizes that strong public policy considerations justify the

enforcement of a defendant's waiver of his right to appeal or to collaterally attack a judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. The finality of judgments benefits both the government and the courts. *United States v. Littlefield*, 105 F.3d 527, 530 (9th Cir. 1997). In exchange for the defendant's guilty plea and waiver of rights to appeal and collaterally attack, the government and the courts need not spend resources on litigation after the sentencing. The defendant gets a lower sentencing recommendation and the court is more willing to agree to a lower sentence than would be the case absent the waivers.

A "defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence" where the defendant: (1) expressly waives the right of collateral attack; and (2) does so knowingly and voluntarily. *United States v. Leniear*, 574 F.3d 668, 672 n.3 (9th Cir. 2009); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

Petitioner's Plea Agreement provides that he expressly "waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing." (Opp., Exh. 2, at 8.) During a thorough Rule 11 colloquy with Petitioner prior to accepting his guilty plea, Judge Porter discussed this waiver provision and received confirmation that Petitioner understood. The present claims collaterally attacking his conviction and sentence in his § 2255 motion thus fall within the scope of the express language of the waiver provision. Accordingly, by his plea agreement and his representations in open court, Petitioner waived his right to collaterally attack his conviction and sentence. Petitioner's knowing and voluntary waiver of his right to collaterally attack his conviction and sentence requires denial of

his § 2255 motion. *Navarro-Botello*, 912 F.2d at 322 (finding a defendant could not ignore his part of the bargain in a plea agreement after obtaining concessions from the government).

Whether an exception exists—for a federal prisoner's collateral attack based upon an assertion that the plea bargain and its waiver was the product of ineffective assistance of counsel—has not been decided by either the United States Supreme Court or the Court of Appeals for the Ninth Circuit. *See Washington v. Lampert*, 422 F.3d 864, 869-73 (9th Cir. 2005) (holding that a state plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver, but noting that *the court has not decided the issue with respect to a federal defendant's waiver of a § 2255 collateral attack*); *see also Pruitt*, 32 F.3d at 433 ("We doubt that a plea agreement could waive a claim of ineffective assistance . . . . However, we need not face the issue here . . ."); *Abarca*, 985 F.3d at 1014 ("While we do not hold that Abarca's waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver . . . ."); *United States v. De Jesus Gutierrez*, 434 Fed. App'x 606, 606 n.1 (9th Cir. 2011) ("Because that issue is not presented here, we need not decide 'whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance of counsel claim implicating the voluntariness of the waiver itself.'" (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4)). In Petitioner's case, the evidence demonstrates that he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in this motion brought under § 2255.

In addition, the Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement.

///

## CONCLUSION

For the reasons stated above, Petitioner's motion is **DENIED**. The Clerk shall close case number 10-CV-2064 BEN.

**IT IS SO ORDERED.**

DATED: October 3, 2013

HON. ROGER T. BENITEZ
United States District Judge